**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-11-465-2 |
| | § | |
| RONALD L. BLUE, | § | |
| Defendant. | § | |

**ORDER RECHARACTERIZING AS A MOTION PURSUANT
TO 28 U.S.C. § 2255**

Pending before the Court is a motion filed by Defendant Ronald L. Blue who claims that his criminal history category was erroneously calculated before he was sentenced and if calculated correctly, his sentence would have been shorter. D.E. 34. He claims relief pursuant to 18 U.S.C. § 3582, 28 U.S.C. § 2255, or any other statute under which he may be entitled to relief. Id. For the reasons stated herein, the motion is recharacterized.

**I. Procedural Background**

Blue was arrested in April 2011 at the Falfurrias Border Patrol Checkpoint after agents discovered 69 bundles of marijuana hidden in the head liner of the Ford Explorer they were in. Blue was the passenger. D.E. 1. After Blue and the driver were arrested and read their Miranda rights, they each agreed to speak to the agents. Blue admitted that he knew there was contraband in the vehicle and that he agreed to transport the contraband for payment and to help clear a debt his brother owed to the man who arranged the transport. Id.

Blue pled guilty pursuant to a plea agreement with the government in which the government agreed to recommend that Blue receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. D.E. 19 at ¶ 2. In exchange, Blue waived his right to appeal and his right to file a motion to correct, set aside or vacate sentence pursuant to 28 U.S.C. § 2255. Id. at ¶ 7.

After the Court accepted Blue's guilty plea, the Probation Department prepared a Presentence Investigation report (PSR). The report calculated Blue's offense level at 18 based upon the 24.72 kilograms of marijuana found in the vehicle. D.E. 26 at ¶ 18. Blue received credit for acceptance of responsibility which reduced his total offense level to 15. Id. at ¶¶ 18-21. Blue had several previous convictions, a number of which were too old to be included in his criminal history score. He had several misdemeanors from North Carolina for which he received probated sentences and fines, but little or no jail time. Id. at ¶¶ 32 (12 months probation and fine), 33 (12-15 months custody suspended for 3 years probation and restitution), 34 (30 days custody suspended for 1 year probation and restitution). Each of these convictions was assessed a point for total criminal history points of 3, resulting in application of criminal history category II. Id. at ¶ 35. Blue's sentencing range was 21-27 months. Id. at ¶ 48.

Blue was sentenced to 24 months in the Bureau of Prisons, three years supervised release, no fine, and a $100 special assessment on September 14, 2011. Judgment was entered on the docket on September 15, 2011. D.E. 31. Blue did not appeal, but filed his current motion which was received by the Clerk on September 14, 2012. D.E. 34.

### III.  MOVANT'S CLAIMS

Blue claims that his North Carolina misdemeanor convictions should not have been scored and that a new case, United States v. Simmons, precludes the inclusion of these crimes in his criminal history. He claims his challenge to his sentence is based upon new evidence resulting from his prison library research. D.E. 34 at p. 2. Blue requests that his sentence be vacated and he be resentenced using criminal history category I.

### IV.  BLUE'S MOTION MUST BE RECHARACTERIZED AS A § 2255 MOTION

The relief Blue seeks is available, if at all, in a motion to correct, set aside or vacate sentence pursuant to 28 U.S.C. § 2255. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). In this case, Blue's judgment became final on September 29, 2011, 14 days after it was entered on the docket. Limitations expired on September 29, 2012, unless one of the other deadlines stated in the statute applies.

Pursuant to the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 383 (2003), however, the Court recognizes that a post-conviction motion should be recharacterized as a § 2255 motion only after adequate notice and warning to the defendant as to the consequences of recharacterization.

3

Accordingly, **Blue is hereby advised that he must notify this Court if he wishes his motion to be characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255**. Blue is further advised that, if the motion is so characterized, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion, Blue will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[1] 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Blue wishes to have his motion construed under § 2255, he must affirmatively notify the Court within 30 days of this order. He should supplement his motion with all grounds he wishes to assert (or risk waiving them), or he may voluntarily

---

[1] The pertinent portion of § 2255 states:
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255.

withdraw his motion within 30 days of the entry of this Order. If he fails to affirmatively notify the Court of his desire to proceed as a § 2255, this Court will dismiss his current filing on the stated grounds.

## CONCLUSION

As discussed **above, Blue is advised that he must notify this Court within thirty (30) days of this Order if he wishes to proceed in a § 2255 motion and if he does, he should supplement his filing to include all claims that he wishes to raise or risk have them barred in any subsequent proceeding, or he may withdraw his motion. If he does not respond to this Order, the Court will dismiss the current filing (D.E. 34)**. The Clerk is instructed to send Blue the form to file a § 2255 motion.

SIGNED and ORDERED this 1st day of November, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE