## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-11-465-2 |
| | § | (Ca. No. C-12-358) |
| RONALD L. BLUE, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Ronald L. Blue's (Blue) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 36.[1] The Court has reviewed the § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2012) (2255 Rules) is appropriate because Blue validly waived his right to file the motion. The Court thus dismisses Blue's § 2255 motion and DENIES him a Certificate of Appealability.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  FACTS AND PROCEEDINGS

Blue was arrested in April 2011 at the Falfurrias Border Patrol Checkpoint after agents discovered 69 bundles of marijuana hidden in the headliner of the Ford Explorer Blue

---

[1] Docket entry references are to the criminal case.

1

and his co-defendant were in. Blue was the passenger. D.E. 1. After Blue and the driver were arrested and read their <u>Miranda</u> rights, they each agreed to speak to the agents. Blue admitted that he knew there was contraband in the vehicle and that he agreed to transport the contraband for payment and to help clear a debt his brother owed to the man who arranged the transport. <u>Id.</u>

Blue pled guilty pursuant to a plea agreement with the government in which the government agreed to recommend that Blue receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. D.E. 19 at ¶ 2. In exchange, Blue waived his right to appeal and his right to file a motion to correct, set aside or vacate sentence pursuant to 28 U.S.C. § 2255. <u>Id.</u> at ¶ 7.

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

D.E. 19 at ¶ 7 (emphasis in original). The agreement was signed by both Blue and his counsel. <u>Id.</u> at p. 5.

At rearraignment, the Court advised Blue of the maximum possible punishment of five years imprisonment, at least two years supervised release, up to a $250,000 fine and a $100 special assessment. June 27, 2011, ERO at 4:37:47/38:07. Blue testified he understood

2

and that he and his attorney had discussed the sentencing guidelines and how they might apply to him. Id. at 4:38:58. Blue further testified he was pleading guilty voluntarily, he had not been threatened, nor had he been promised leniency or a specific sentence. Id. at 4:39:10/30.  Blue testified that he read the plea agreement, discussed it with counsel, and understood it before he signed it. Id. at 4:39:48. The Court reviewed the plea agreement with Blue including the appeal and post-conviction motion waivers. Blue testified that he understood the waivers and wanted to give up his right to file an appeal and § 2255 motion. Id. at 4:41:10/55. After the government read the indictment, Blue pled guilty to Count 1. Id. at 4:43:09. He also agreed with the government's recitation of the facts.

After the Court accepted Blue's guilty plea, the Probation Department prepared a Presentence Investigation report (PSR). The report calculated Blue's offense level at 18 based upon the 24.72 kilograms of marijuana found in the vehicle. D.E. 26 at ¶ 18. Blue received credit for acceptance of responsibility which reduced his total offense level to 15. Id. at ¶¶ 18-21.

Blue had several previous convictions, a number of which were too old to be included in his criminal history score. He had several misdemeanors from North Carolina for which he received probated sentences and fines, but little or no jail time. Id. at ¶¶ 32 (12 months probation and fine), 33 (12-15 months custody suspended for 3 years probation and restitution), 34 (30 days custody suspended for 1 year probation and restitution). Each of

these convictions was assessed one point[2] for total criminal history points of 3, resulting in application of criminal history category II. Id. at ¶ 35. Blue's sentencing range was 21-27 months. Id. at ¶ 48.

Blue was sentenced to 24 months in the Bureau of Prisons, three years supervised release, no fine, and a $100 special assessment on September 14, 2011. Judgment was entered on the docket on September 15, 2011. D.E. 31. Blue did not appeal, but filed his current motion which was received by the Clerk on September 14, 2012. D.E. 34.

### III.  MOVANT'S CLAIMS

Blue claims that his North Carolina misdemeanor convictions should not have been scored and that a new case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), precludes the inclusion of these crimes in his criminal history. He claims his challenge to his sentence is based upon new evidence resulting from his prison library research. D.E. 34 at p. 2. Blue requests that his sentence be vacated and he be resentenced using criminal history category I.

---

[2]  U.S.S.G. § 4A1.1(c). The criminal history calculation reads in part,

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

U.S.S.G. § 4A1.1(a)-(c).

4

## IV.  DISCUSSION

**A.**     **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.**     **Waiver of Right to Collaterally Attack Sentence**

Blue does not claim that counsel was ineffective, rather he claims that new case law clarifies the functioning of the sentencing guidelines. Blue waived his right to file the present motion attacking the calculation of his sentence. If his waiver is enforceable, the waiver precludes consideration of the merits of his claim. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Before he pled guilty, Blue was informed that his plea agreement included a waiver of his appeal and post-conviction rights to challenge his sentence and he affirmatively testified that he had discussed the terms of the plea agreement with counsel and he wished

to waive those rights. <u>See</u> Part II at page 2-3, <u>supra</u>. Blue's sworn statements in open court are entitled to a strong presumption of truthfulness. <u>United States v. Lampaziane</u>, 251 F.3d 519, 524 (5th Cir. 2001) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." <u>United States v. Cothran</u>, 302 F.3d 279, 283-84 (5th Cir. 2002).

Blue's testimony at rearraignment confirms that he understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion which is all that is required for his waiver to be enforceable. <u>See</u> <u>Wilkes</u>, 20 F.3d at 653 ("a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."). The Court finds that Blue's plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. <u>Id.</u> Blue's claim falls within the scope of his waiver and is thus barred from consideration.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Blue has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment

6

of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Blue is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Blue's motion to vacate, set aside or correct sentence

pursuant to 28 U.S.C. § 2255 (D.E. 36) is DISMISSED. He is also denied a Certificate of

Appealability

      It is so ORDERED this 4th day of January, 2013.

                          HAYDEN HEAD
                     SENIOR U.S. DISTRICT COURT JUDGE